State v. Rimmer

STATE OF NORTH CAROLINA v. JACKIE RIMMER

No. 7512SC85

(Filed 7 May 1975)

1. Criminal Law § 66— meeting of witness and defendant at police station — in-court identification proper

The trial court properly allowed a witness to make an in-court identification of defendant where the court found that the witness's identification was independent of his chance meeting of defendant at

· the police station and the meeting at the police station in no way violated any of defendant's rights.

2. **Constitutional Law § 28— waiver of indictment — signature of assistant district attorney on information**

Defendant was not entitled to have judgment arrested where he · was tried upon an information signed by the assistant district attorney rather than the district attorney himself. G.S. 7A-63; G.S. 15-140.1.

APPEAL by defendant from *Alvis, Judge.* Judgments entered 17 October 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 10 April 1975.

Defendant was tried and convicted upon two charges of failure to stop or render aid or give information after two automobile accidents, each of which resulted in property damage and personal injury. G.S. 20-166.

After the second collision defendant was observed by Mr. William Repsher, a security guard at a nearby store. Defendant jumped from his car and ran across a field towards some trees. Mr. Repsher pursued defendant, tackled defendant in the field, lost his grip on defendant's legs, and further pursued and caught defendant. Defendant struck and cut Mr. Repsher and evaded him. Mr. Repsher identified defendant at trial.

*Attorney General Edmisten, by Assistant Attorney General William F. O'Connell, for the State.*

*Deno G. Economore, Assistant Public Defender, Twelfth District, for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that the identification of defendant by Mr. Repsher should not have been permitted in evidence because of a chance meeting of the witness and the defendant at the police station. After a full hearing upon the question, in the absence of the jury, the trial judge found, upon plenary competent evidence, that the witness' identification of defendant was independent of his chance meeting at the police station and that the meeting at the police station in no way violated any of defendant's rights. This assignment of error is overruled.

[2] In each case defendant and his counsel waived the finding and return into court of a bill of indictment. In each case defendant and his counsel signed this waiver attached to an in-

formation signed by Ed Grannis, Jr., assistant district attorney. Defendant now moves in arrest of judgment in each case upon the ground that each information was not signed by the district attorney.

Defendant relies upon G.S. 15-140.1, which provides in part as follows: ". . . [T]he prosecution shall be on an information signed by the solicitor [district attorney]." Defendant argues that this requirement of the statute does not permit the assistant district attorney to sign an information.

G.S. 7A-63 provides in part as follows:

"Each solicitor [district attorney] shall be entitled to the number of full-time assistant solicitors [assistant district attorneys] set out in this Subchapter, to be appointed by the solicitor [district attorney], to serve at his pleasure. . . . An assistant solicitor [assistant district attorney] shall take the same oath of office as the solicitor [district attorney], and shall perform such duties as may be assigned by the solicitor [district attorney]."

No evidence was offered and no argument made to the effect that the district attorney had not duly delegated and assigned the duty of signing an information to the assistant district attorney.

It is interesting to note that G.S. 7A-61 specifically provides that the district attorney "shall . . . prosecute in the name of the State all criminal actions requiring prosecution. . . ." However, defendant does not suggest that the assistant district attorney was thereby disqualified from prosecuting these actions.

We think it is eminently clear that the legislative intent and the statutory provisions contemplate that an assistant district attorney is fully authorized to carry out such duties of the district attorney as the district attorney may assign to him.

The motion in arrest of judgment in the trial court was properly denied, and the same is denied by this Court.

No error.

Judges PARKER and ARNOLD concur.